**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

R.D.A., Jr., a juvenile male,

        Defendant-Appellant.

No. 97-5145
(D.C. No. 97-CR-51-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **TACHA** and **McKAY** , Circuit Judges, and   **BROWN** , ** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

Defendant was found guilty, after trial to the bench, on three counts of a seven-count information: sexual abuse of another who is incapable of appraising the nature of the conduct, within Indian country, in violation of 18 U.S.C. §§ 2242(2)(A), 1151, 1153, and 5032; and two counts of abusive sexual contact with children within Indian country, involving two different children, in violation of 18 U.S.C. §§ 2244(a)(1), 1151, 1153, and 5032. The district court entered a finding of juvenile delinquency and sentenced defendant to 18 months' official detention for count one, and placed defendant on probation until his twenty-first birthday for counts two and three. Defendant appeals his judgment and sentence, arguing that there was insufficient evidence to support the juvenile delinquency adjudication and that the district court's refusal to allow testimony regarding a polygraph test violated his Sixth Amendment rights.

We review the record de novo to determine whether there is sufficient evidence to support the convictions. See United States v. Voss, 82 F.3d 1521, 1524-25 (10th Cir.), cert. denied, 117 S. Ct. 226 (1996). We consider both direct and circumstantial evidence and the reasonable inferences drawn therefrom, and we view the evidence in the light most favorable to the government to determine whether a reasonable jury could find defendant guilty beyond a reasonable doubt. See id. The evidence must be substantial and must raise more than a mere suspicion of guilt. See United States v. Yoakam, 116 F.3d 1346, 1349 (10th Cir.

1997). "We do not use this evaluation as a chance to second-guess the [court's] credibility determinations, nor do we reassess the [court's] conclusions about the weight of the evidence presented." Id. (quotation omitted). Guided by these standards, we affirm.

Defendant was a juvenile at the time of the criminal acts with which he was charged. He lived near Jimmy, Kimberly and Justin, siblings who were also juveniles at the time of the alleged acts. Jimmy and defendant were frequent playmates, and all four children spent considerable time together. Count one involved an act of anal sodomy with Jimmy. Defendant argues that the government failed to present sufficient evidence of Jimmy's incapability to appraise the nature of the act, a necessary element of the crime. Our review of Jimmy's testimony at trial presents sufficient evidence from which the court found that Jimmy was incapable of appraising the nature of the sexual act defendant committed upon him. Reading Jimmy's testimony in comparison to the testimony of his two younger siblings, it is obvious that Jimmy was functioning mentally at a younger age than his physical age. It is readily apparent from Jimmy's testimony that he did not understand the difference between a "good touch" and a "bad touch," and that he did not understand that there might be anything objectionable about defendant's contact. In addition, a clinical psychologist who had done testing on Jimmy testified that, even though Jimmy

was capable of saying "no" in general, he did not understand that the sexual penetration by defendant was inappropriate.

Count two requires the government to prove that defendant intended to abuse, humiliate, harass or degrade Kimberly.    See 18 U.S.C. §§ 2244(a)(1), 2246(3).  Kimberly testified that defendant pulled his pants down, grabbed her hand, and forced her to touch his penis.  Defendant is six years older than Kimberly, and she was eight or nine years old at the time.  They were not friends or playmates.  Kimberly testified that she pulled her hand back and went home immediately.  She also testified that defendant shot her with a BB gun because she told on him when he pulled his pants down on a previous occasion and that she was afraid that he might hurt her again.  The record contains sufficient evidence to support the district court's finding of juvenile delinquency on count two.

Count three also requires proof of defendant's intent to abuse, humiliate, harass or degrade.  The object of that incident was Kimberly's twin brother, Justin.  Justin testified that defendant grabbed his "private parts" from behind and that he told defendant to stop.  In addition, Kimberly testified that she saw defendant pull Justin's pants down, reach from behind Justin and through his legs, and grab Justin's "private parts."  The record contains sufficient evidence to support the finding of juvenile delinquency on count three.

-4-

Finally, defendant argues that the district court's refusal to allow testimony regarding the results of his polygraph test violated his Sixth Amendment rights. The district court did not invoke a per se rule disallowing testimony regarding polygraph tests, although we note that the Supreme Court has recently held that such a per se rule does not necessarily significantly impair presentation of a defense in violation of constitutional rights. See United States v. Scheffer, 118 S. Ct. 1261, 1266, 1268-69 (1998). In this case, the district court questioned the witness regarding his knowledge of the scientific aspects and opinions of polygraph results and determined that the witness was not qualified to submit expert testimony on the subject. The witness was trained in administering polygraph tests, but he had no knowledge of the scientific accuracy of the results. Federal Rule of Evidence 702 is the guideline by which the district court must assess the admissibility of expert testimony. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589-95 (1993). Daubert requires a two-part determination: "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." 509 U.S. at 592-93. There was no abuse of discretion in the district court's finding that the witness was not qualified to provide expert testimony regarding the scientific accuracy of the results of the polygraph test. See United States v. Davis, 40 F.3d 1069, 1075 (10th Cir. 1994). In addition,

it is significant that defendant testified on his own behalf. He was permitted to tell his story, and the district court's refusal to allow the polygraph testimony did not impair that right in any manner. See Scheffer, 118 S. Ct. at 1269.

The record in this case contains substantial evidence in support of the district court's findings of juvenile delinquency on counts one, two, and three. Further, defendant suffered no violation of his constitutional rights by the district court's refusal to allow testimony regarding the results of his polygraph test. The convictions and sentence are AFFIRMED.

Entered for the Court

Monroe J. McKay
Circuit Judge